IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRYAN SCOTT GARRETT,** | ) | |
| No. 01882-025, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | CIVIL NO. 12-cv-859-JPG |
| | ) | |
| vs. | ) | CRIMINAL NO. 00-cr-40013-JPG |
| | ) | |
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On April 5, 2001, following a jury trial, Petitioner was convicted of three counts related to the manufacture of methamphetamine, plus one count of being a felon in possession of a firearm. *See United States v. Garrett*, Case No. 00-cr-40013-JPG-1. On July 12, 2001, the undersigned judge sentenced him to 432 months on Count 1 (conspiracy to manufacture), with lesser concurrent sentences imposed on the remaining three counts. The sentence also included a fine in the amount of $1,000, and a special assessment of $400 (Doc. 219 in criminal case).

Petitioner's conviction and sentence were affirmed on appeal. He then timely filed a § 2255 motion on June 30, 2003 (Case No. 03-cv-4118-JPG), arguing that his trial counsel was ineffective in several respects. That motion was denied on July 27, 2004 (Doc. 11 in Case No. 03-4118). Petitioner then sought to challenge the career offender enhancement of his sentence,

via a writ of error coram nobis (Case No. 06-cv-266-JPG). That motion was denied on April 7, 2006, as an impermissible second or successive § 2255 action (Doc. 4 in Case No. 06-266).

In the instant motion, Petitioner raises a new ineffective-assistance challenge to his conviction, based on the recent Supreme Court opinion in *Missouri v. Frye,* 132 S. Ct. 1399 (2012) (finding that counsel performed deficiently in failing to communicate a written plea offer to the defendant). Petitioner asserts that this Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 2255(f)(3), which permits a § 2255 motion to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, if the motion is a successive § 2255 motion that has not been certified by the court of appeals, this Court is without jurisdiction to entertain it.[1]

Petitioner alleges in his motion that, like the post-conviction petitioner in *Frye*, his attorney received a time-limited written plea offer (Doc. 1, p. 8) from the prosecutor, which was never conveyed to Petitioner. The offer indicated that if Petitioner was willing to plead guilty, his sentencing range would be 262-327 months. If, in addition, Petitioner was willing to substantially assist the prosecution of the co-defendants, his sentence could be as low as 14.5 years. On the other hand, if no agreement was reached, the Government planned to file an enhancement based on Petitioner's prior drug offenses. Petitioner never learned of this letter until after his attorney withdrew from the case (he does not disclose the date when the letter came into his possession).

---

[1] Although district courts have jurisdiction over a prisoner's first § 2255 motion, the ability to pursue a "second or successive" motion is subject to strict limitations: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

As noted above, Petitioner's sentence was enhanced based on the prior convictions, and he received a substantially longer term (432 months) than the sentencing ranges described in the prosecutor's letter. Petitioner argues that under the new rule of *Frye*, his attorney rendered unconstitutionally ineffective assistance.

If the instant motion had been Petitioner's first-filed § 2255 action, this Court would have jurisdiction over it based on § 2255(f)(3). However, under § 2255(h), district courts generally lack jurisdiction to hear a second or successive § 2255 motion. *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007); *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001) ("One substantive chance [for a collateral attack] *per judgment* is the norm under § 2255 ¶ 8 [now found at § 2255(h)] and § 2244(b).") Certain exceptions to the requirement for appellate court pre-certification may apply, such as when a prisoner is resentenced and a new judgment is entered. *Dahler*, 259 F.3d at 764 (noting that such a new challenge is limited to an attack on the sentence, not the underlying conviction); *see also Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997). But no such exception is apparent here. Petitioner is challenging his original conviction, and has previously brought an unsuccessful § 2255 motion within the time frame outlined in § 2255(f). Petitioner's initial § 2255 motion gave him a full, unencumbered opportunity for collateral review, therefore any subsequent § 2255 motion must meet the requirements of § 2255(h) in order to be considered. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (discussing when a § 2255 motion "counts" as a first motion, so as to trigger the application of § 2255(h) to a subsequently filed motion).

Because Petitioner's first § 2255 motion was fully adjudicated on the merits, the instant motion is "successive" and can only be brought within the constraints of § 2255(h). Petitioner has

not sought or obtained permission to proceed from the appellate court, thus this Court must dismiss the action.  However, Petitioner is **ADVISED** to apply for the necessary authorization forthwith, to the Court of Appeals for the Seventh Circuit, at the following Address:  Clerk's Office, U.S. Court of Appeals, Room 2722, 219 S. Dearborn Street, Chicago, IL 60604.

**Certificate of Appealability**

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that it lacks jurisdiction to consider Petitioner's motion, absent the required certification by the court of appeals.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Because Petitioner may be able to raise his constitutional claim after obtaining the

certification pursuant to § 2255(h), he has not made "a substantial showing of the denial of a constitutional right" at this juncture.  Therefore, a certificate of appealability shall **NOT** be issued.

**Conclusion**

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is a successive motion that the court of appeals has not granted him leave to file; accordingly, the Court **DISMISSES** it **without prejudice** for lack of jurisdiction.  Further, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED:   September 14, 2012

                                              *s/J. Phil Gilbert*
                                              **United States District Judge**